OPINION
Jason Hodge appeals from a judgment of the Greene County Court of Common Pleas, which classified him as a sexual predator. Hodge challenges the sexual predator statute, R.C. 2950.09(C), on purely constitutional grounds, to-wit: separation of powers and both procedural and substantive due process. This case was orally argued on March 27, 2000, together with the appeal of another case which raised exactly the same constitutional issues. State v.Smith (Apr. 7, 2000), Greene App. No. 99 CA 121, unreported. The same counsel represented both appellants in these two cases, which were defended on the part of the State by the same counsel from the office of the Greene County Prosecutor.
This court has issued its decision and opinion in Smith, holding that R.C. 2950.09(C) does not violate the doctrine of the separation of powers, the requirements of procedural due process, or the requirements of substantive due process. We also found, in another issue raised by defense counsel in both cases, that the trial court's practice of referring to the Department of Rehabilitation and Corrections recommendations that if offenders be classified as sexual predators to the prosecutor's office so the prosecutor can determine whether he wants to pursue such recommendations, does not violate the express requirements of R.C.2950.09(C)(2) and does not affect the underlying constitutionality of the statute.
We reaffirm our holding in Smith that R.C. 2950.09(C) is not unconstitutional on any of the grounds raised by the appellant and, therefore, the judgment is affirmed.
GRADY, P.J. and WOLFF, J., concur.